IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| MITCHELL DAVIS, an individual, | CV 19–180–M–DWM |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| PACIFICSOURCE HEALTH PLANS, an Oregon corporation, | |
| Defendant. | |

Mitchell Davis sued PacificSource Health Plans after the insurer denied coverage for an emergency back surgery, leaving him with $288,297.80 in medical bills. PacificSource seeks to dismiss the case. (Doc. 45.) The parties are familiar with the facts, so they are repeated here only as they are relevant to the analysis.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

1

## I. Validity of the Policy

PacificSource argues that the insurance policy is invalid because it only applies to Montana residents and Davis has claimed to be a Nevada resident or materially misrepresented his residency. The policy provides that "[y]ou must be a current resident of the policy's state of issuance," meaning Montana. (Doc. 25-1 at 16.) However, Davis's Complaint and First Amended Complaint allege that he "was at all relevant times, and currently is, a resident of Nevada." (Doc. 1 at ¶ 1; Doc. 5 at ¶ 1.) His brief in response to PacificSource's first motion to dismiss stated "Davis was a Nevada resident at the time PacificSource acted in bad faith" and "he maintains his permanent residence in Nevada." (Doc. 15 at 2–3, 8.) He repeated these assertions at a hearing on the motion. (Doc. 48-1 at 13, 16.) By contrast, Davis's Second Amended Complaint alleges that he is a "citizen of Minden, Nevada" for jurisdictional purposes, but includes factual allegations that he splits his time between Montana and Nevada. (Doc. 44 at ¶¶ 1, 6–15.)

The issue is whether Davis's assertions that he is a Nevada resident are binding judicial admissions. While substantive state law applies in diversity cases, judicial admissions are an evidentiary question governed by federal procedural law. *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). Under federal law, a judicial admission is a statement by a party that, like a stipulation, conclusively establishes a fact without the need for further proof. *Id.*

Factual statements in pleadings are judicial admissions, unless amended or withdrawn. *Id.*; *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859–60 (9th Cir. 1995). Courts have discretion to treat factual statements made in briefs and at oral argument as judicial admissions. *Am. Title Ins.*, 861 F.2d at 227 (briefs); *United States v. Wilmer*, 799 F.2d 495, 502 (9th Cir. 1986) (oral argument). Residency under an insurance contract is generally a question of fact, though Montana courts have not considered the question.[1] Adopting this view, statements about residency may be binding judicial admissions.

However, in this case, the Second Amended Complaint has superseded the earlier pleadings' allegations about Davis's residency. Further, the circumstances do not warrant treating statements from the brief and argument as binding. For purposes of establishing diversity jurisdiction, Davis conflated "residency" with "citizenship." Imprecise terminology alone does not warrant barring Davis's claims. Further, Davis contended that his use of "resident" for purposes of arguing venue somehow differed from how that term was used in the insurance contract. (Doc. 48-1 at 13.) While the merits of that argument are not before the Court, that the factual statements about residency were made in the context of a possibly

---

[1] *See, e.g.*, *Progressive N. Ins. Co. v. Pedone*, 139 A.D.3d 958, 959 (N.Y. App. Div. 2016); *Farmers Mut. Ins. Co. v. Tucker*, 576 S.E.2d 261, 270 (W. Va. 2002); *Boston v. Allstate Ins. Co.*, 463 S.E.2d 155, 157 (Ga. 1995); *Perry v. Motorist Mut. Ins. Co.*, 860 S.W.2d 762, 764 (Ky. 1993); *Mut. Serv. Cas. Ins. Co. v. Wochnick*, 397 N.W.2d 435, 437 (Minn. Ct. App. 1986).

erroneous legal contention about the definition of residency weighs against treating them as binding judicial admissions. Like imprecise terminology, imprecise argument does not warrant preventing Davis's claims from proceeding.

PacificSource responds that this allows Davis to assert residency in Nevada to argue for a favorable venue and statute of limitations but residency in Montana for the substance of his claim. This concern is not without merit, but it is unpersuasive here because PacificSource has already succeeded in moving the case to Montana and applying Montana's statute of limitations. Davis has not reaped a tactical benefit from his previous assertions about residency. Ultimately, PacificSource may be able to establish that Davis is not a Montana resident within the meaning of the insurance contract. But to do so, it will have to rely on facts adduced in discovery and not Davis's previous statements in this litigation.

## II. Statute of Limitations

PacificSource argues that even if Davis is not bound by his previous statements, the Unfair Trade Practices Act ("UTPA") claim is time barred. The statute of limitations for an insured's claim under the UTPA is two years. Mont. Code Ann. § 33–18–242(7)(a). It begins to run with the initial denial of coverage. *Greenwald v. Safeco Ins. Co. of Am.*, No. CV 09-142-M-DWM, 2010 WL 2978140, at *3 (D. Mont. July 26, 2010). While subsequent conduct may give rise to new claims, later conduct that merely affirms the initial denial of coverage does

not reset the limitations period. *Id.* at \*4; *Cyr v. Farmers All. Mut. Ins. Co.*, No. CV-04-99-BLG-RFC, 2006 WL 2788972, at \*4 (D. Mont. Sept. 26, 2006).

Here, the statute of limitations on the UTPA claim began to run, at the latest, on November 21, 2016, when PacificSource denied coverage after receiving new information from Davis. (Doc. 44 at ¶ 44.) Accordingly, the January 7, 2019 Complaint was untimely. (*See* Doc. 1.) Davis's argument that discovery is necessary is unavailing. The Second Amended Complaint provides no basis for inferring that PacificSource violated the UTPA after its denial of coverage on November 21, 2016. Nor does it plausibly suggest that "the defendant has taken action which prevents the injured party from discovering the injury or its cause" to warrant tolling the statute of limitations. Mont. Code Ann. § 27–2–102(3)(b).

Accordingly, IT IS ORDERED that PacificSource's motion to dismiss (Doc. 45) is GRANTED IN PART. Count IV of the Second Amended Complaint is DISMISSED as time barred.

DATED this  9th  day of April, 2020.

10:55 AM

Donald W. Molloy, District Judge
United States District Court